ERVIN, Judge.
The employer/carrier (E/C) appeals a workers’ compensation order finding that certain injuries claimant, Chris March, suffered while at home were compensable on the theory that they were the direct and natural consequences of an earlier, work-related accident. We affirm.
On March 6, 1991, claimant injured his right foot in a compensable accident at work and his right leg was placed in a short-leg fiberglass cast. On July 12, 1991, March injured his shoulder when he lost his balance and fell down a flight of stairs in his home, as a result of the awkward way he had to descend stairs while on crutches. The E/C contends the shoulder injury is not compen-sable under section 440.092(5), Florida Statutes (1991), which provides:
SUBSEQUENT INTERVENING ACCIDENTS. — Injuries caused by a subsequent intervening accident arising from an outside agency which are the direct and natural consequence of the original injury are not compensable unless suffered while traveling to or from a health care provider for the purpose of receiving remedial treatment for the compensable injury.
(Emphasis added.) The E/C argues that because claimant testified that his left foot went out from under him during the fall, his left foot constituted “an outside agency” pursuant to the terms of the statute. We disagree. Under the clear language of the statute, claimant cannot himself be considered “an outside agency.”
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.